SOMMERVILLE, J.
Defendants appeal from a judgment against them in solido in the sum of $100 as damages for an alleged malicious prosecution of plaintiff for embezzlement.
Plaintiff sues for actual and exemplary damages. He offered no evidence to prove his claim. He alleges that he employed an attorney in the criminal prosecution against him, to whom he paid $15; but the evidence shows that the attorney was not employed until after the case had been taken under advisement by the court. His next claim is for loss of time, amounting to $15. There is no evidence in the record to show the value of his time. His next claim is “for his mental suffering, indignity, mortification, shame, and humiliation, caused your petitioner by the said false arrest and imprisonment and malicious and unfounded criminal prosecution instituted by the said wife of the said S. W. Green, in which she was authorized and assisted, and her conduct in causing said arrest and imprisonment was ratified and approved, by her said husband, said Smith W. Green, and said defendants should be condemned in solido to pay your petitioner the further sum of $2,500 as punitory and exemplary damages.” It is not clear what plaintiff is claiming damages for in the above allegation, whether for actual damages suffered by him, or for exemplary damages. He did not testify as to his mental suffering, or as to any indignity, mortification, shame, and humiliation resulting from the arrest. The only evidence along this line was that *710 offered to show the character of plaintiff for honesty and integrity, which was objected to, and the objection was sustained. There is no evidence in the record upon which to base any judgment for actual damages. Plaintiff did not even make out a prima facie case for damages. He offered in evidence the record of the criminal court, under which he alleges he was prosecuted, and which would have shown the nature of the offense with which he was charged and the result of the trial; but that record is not in the transcript, and the docket entries show that it was not introduced and filed.
Defendants appear to have assumed the burden of proving that they acted without malice and with probable cause, and under advice of an assistant district attorney, in making the affidavit against plaintiff.
The parties defendant are Smith W. Green and wife, but the name of the wife is not given; and it appears to have been she who made the affidavit against plaintiff for the embezzlement of a coat which she had left with him to be cleaned. She appeared as a witness on the trial of the cause and testified that she had, on a visit to the office of the district attorney, informed one of his assistants that she had given her coat to plaintiff to be cleaned, and that he had reported to her that it had “walked off,” and that she had been subsequently informed by a trustworthy and reliable person that he had seen her coat, or one just like it, on the back of plaintiff’s mistress; that she had so informed the assistant district attorney; and that he had advised her to make an affidavit, charging plaintiff with embezzlement. This testimony stands unimpeached; and it is corroborated by the fact that the affidavit was made immediately upon the advice being given by the assistant district attorney. The assistant district attorney was called to the witness stand on the trial of this cause, but he had no recollection of the circumstance whatever. The fact that defendant was reliably informed that her coat was being worn by the mistress of plaintiff shows probable cause on her part in charging plaintiff with the embezzlement of the coat, which she had intrusted to him to be cleaned.
The judgment appealed from is annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that there be judgment in favor of defendants, rejecting plaintiff’s demand at his cost in both courts.